## Ballem Estate

*Harold L. Ervin, Jr.*, for petitioners.

*William H. Turner*, guardian of estate of incompetent life tenant.

*George Guyer Young, Jr.*, and *Robert J. Lindsay, Jr.*, for trustee.

VAN RODEN, P. J., March 29, 1962.—There is presently before the court a petition for termination of trust in the above-captioned estate.

Decedent died August 24, 1953. By her will, she devised and bequeathed her residuary estate in trust for the payment of net income unto her son, Francis X. Ballem, for life, with remainder unto his then living issue.

In addition to a spendthrift clause, decedent's will contains the following provisions:

"2. Trustee is authorized to expend from principal or corpus such amounts as in its absolute and uncontrolled discretion may be necessary for the care and maintenance of my son, FRANCIS X. BALLEM, so long as he is married.

"3. Upon my son, FRANCIS X. BALLEM, ceasing to be married, trustee shall pay over, transfer and deliver unto him, upon his written request, from the principal or corpus of the trust, not more than the noncumulative sum of Five Hundred Dollars ($500.00) per calendar year.

"4. Upon the depletion of principal or corpus of the trust to Five Thousand Dollars ($5,000.00) or less, the trustee shall pay over, transfer and deliver, quarterly, unto my said son, FRANCIS X. BALLEM, one-half the balance of the principal or corpus of the trust in the first calendar year following such depletion, and the entire balance, quarterly, in the second calendar year."

Decedent's son was convicted of murder with penalty of death fixed by the jury. Judgment of sentence has been affirmed by the Supreme Court of Pennsylvania: Commonwealth v. Ballem, 386 Pa. 20 (1956). However, while awaiting execution, he was found by a sanity commission to be insane and was committed to the Farview State Hospital for the Criminally Insane, where he is presently confined.

This court has heretofore held that payment out of the corpus of the trust fund of certain expenditures relating to legal defense of the then pending criminal prosecution against .decedent's son "would be to pervert the intention of testatrix that the assets of her estate be applied for clothing, food and shelter of her son during his lifetime and thereafter for his issue.

While the son may have been the primary object of testatrix' bounty, he was not the exclusive object thereof. The minor granddaughter of the testatrix is certainly entitled to consideration at the hands of the court": Ballem Estate, 15 D. & C. 2d 79 (1956).

The present petition, which has been filed on behalf of decedent's minor granddaughter, requests that the trustee be directed to file a final account and the balance of income awarded to Marceline Hyduk (formerly Marceline Ballem, divorced wife of Francis X. Ballem), and the balance of principal be distributed in equal one-third shares among the said Marceline Hyduk (former daughter-in-law of the testatrix), the guardian of the estate of Francis X. Ballem (incompetent son the testatrix), and a guardian to be appointed for the estate of Mary Elizabeth Ballem (minor granddaughter of the testatrix).

In support of the petition, it is averred that the principal of the trust has "dwindled" to approximately $10,000, that "there is no purpose for the existence and continuance of said trust," and that "the entire income is being attached each year by a Support Order issued out of Municipal Court of Philadelphia, January Term, 1955, No. 383, for the support of Francis X. Ballem's minor daughter, Mary Elizabeth Ballem, and that the present arrearages on the support is approximately $8,237.53."

The fact that the petition is not opposed by any party in interest is not in itself sufficient warrant for this court to disregard the testamentary intentions and scheme of the testatrix, as expressed in her will.

It is obvious that the primary object of the testatrix' bounty was her son, and that she intended her estate to be used for his care, maintenance and support for and during his entire lifetime (subject only to the withdrawal provisions above mentioned). As long as Francis X. Ballem is alive, there is always the possi-

bility that he may some day require support and maintenance (in the usual connotation of food, clothing and medical care), to be provided by the trustee out of the assets of the trust estate. Accordingly, there is no merit in the petitioner's contention that there is no purpose for the existence and continuance of this trust.

Likewise, the court must consider the fact that decedent did not specify that the remainder of the trust estate shall inure to the benefit of her granddaughter, Mary Elizabeth Ballem, alone. On the contrary, decedent provided that in the event of the death of her son "before the depletion of the entire principal or corpus of the trust, I give the balance remaining unto his then living issue." It seems obvious that the "then living issue" of Francis X. Ballem cannot be determined prior to his death. Although he is presently confined to the Farview State Hospital, there is always the possibility that some new advance in medical science might enable him to be restored to such condition of mental health as would warrant his removal or discharge from the said hospital. There is the further possibility that in the event of such removal or discharge, he might be favored with executive clemency and restored to society, in which event he might remarry and produce further issue. The remoteness of the likelihood of further issue does not amount to legal impossibilty.

This court cannot hold on the present state of the record that the testamentary desires and scheme of the testatrix would be realized by termination of the trust and distribution of the assets in the manner suggested.

Accordingly, the court enters the following

*Decree*

And now, March 29, 1962, the petition for termination of the trust and distribution of assets of the trust estate having come on to be heard by the court, and it appearing to the court that such proposed termination

and distribution would not at this time be warranted under the terms of decedent's will, it is, therefore, ordered, adjudged and decreed as follows:

1. The citation heretofore issued to show cause why the trustee should not file a final account and the assets be distributed is hereby discharged and the petition is hereby dismissed.

2. This proceeding shall be paid out of the assets of the trust estate.

3. An exception is hereby allowed unto each party in interest.